```
UNITED STATES OF AMERICA,      )
                               )
           Plaintiff,          )
                               )
     v.                        )
                               )    No. CR-06-698-DLJ
                               )
                               )
                               )    ORDER
VERNON ALVIN LOUISVILLE,       )
                               )
           Defendant,          )
_____)
```

On November 14, 2008, defendant Vernon Alvin Louisville ("Louisville") filed a document entitled "Motion to Correct or Clarify Judgement [sic] Pursuant to Rule 35 and Rule 36." In this motion, Louisville asks the Court to order the Bureau of Prisons ("BOP") to award Louisville credit for time served from the date of his arrest. Louisville also asserts that "[t]his court instructed the defendant to motion the court if the credit was not given."

This Court does not have authority to order the BOP to issue credit for time served. See United States v. Wilson, 503 U.S. 329, 332-33 (1992) (holding that under 18 U.S.C. 3585(b), the attorney general, rather than the district court, computes the length of an inmate's sentence).

In any event, the Court has obtained a copy the transcript of Louisville's June 6, 2008 sentencing hearing. At the hearing, the Court made no indication that it would -- or could -- "order" the BOP to award any time credit. To the contrary, the Court stated that the "Bureau of Prisons makes [the] calculation" as to credit for time served. Reporter's Transcript at 10:13-14. The Court

further stated that although it appeared that Louisville was entitled to a certain amount of credit for time served, the computation was "up to the Bureau of Prisons." Id. 14-16.  Thus, there is no basis for Louisville's allegation that the Court interjected itself into the BOP's decision making process.

Petitioner's Motion is DENIED.

IT IS SO ORDERED

Dated: November 25, 2008

D. Lowell Jensen
United States District Judge