```
UNITED STATES OF AMERICA,    )
                             )
            Plaintiff,       )   No. CR-06-698-DLJ
                             )
      v.                     )
                             )   ORDER
VERNON ALVIN LOUISVILLE,     )
                             )
            Defendant,       )
_____)
```

On June 8, 2009, defendant Vernon Alvin Louisville ("Louisville") filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). The government has not filed a response. Having considered the papers submitted and the applicable law, the Court hereby DENIES the motion.

**I. BACKGROUND**

**A.   Factual Background and Procedural History**

On March 14, 2008, Louisville plead guilty to one count of distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1). The plea was entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).

On June 6, 2008, the Court sentenced Louisville to 84 months in custody, three years of supervised release, and a $100 special assessment. The amount of crack cocaine involved in the offense of conviction was 4.5 grams, resulting in a base offense level of 22. After a two level enhancement for reckless endangerment and a three level reduction for acceptance of responsibility, Louisville's total offense level was 21. His criminal history category was VI. The resulting advisory sentencing range was 72-96 months. The 84

month sentence imposed by the Court was consistent with the parties' Rule 11(c)(1)(C) plea agreement.

In November 2007, the United States Sentencing Commission enacted Amendment 706 to the United States Sentencing Guidelines. This amendment changed the drug quantity table set forth in U.S.S.G. § 2D1.1 by reducing the base offense levels for offenses involving crack cocaine by two levels. See U.S.S.G. App. C, Amend. 706. Amendment 706 applies retroactively. See U.S.S.G. App. C, Amend. 713.

Louisville now seeks a reduction of his sentence commensurate with the two level reduction provided for in Amendment 706.

**B.    Legal Standard**

Title 18 U.S.C. § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Whether to grant a sentence reduction is a matter of discretion for the district court. See United States v. Lowe, 136 F.3d 1231, 1233 (9th Cir. 1998).

## II. DISCUSSION

Louisville contends that the Court should grant him a reduced

sentence commensurate with the two level reduction provided for in Amendment 706. According to Louisville, after applying Amendment 706, his new sentencing range should be 63-72 months.

Louisville is not correct. By the time of Louisville's sentencing on June 6, 2008, Amendment 706 was already in effect. As a result, the version of the guidelines used by the Court in calculating Louisville's sentencing range incorporated the two level reduction provided for by Amendment 706. Compare U.S.S.G. § 2D1.1(c)(8) (2006 ed.) (base offense level 24 for 4.5 grams of crack cocaine) with U.S.S.G. § 2D1.1(c)(9) (2007 ed.) (base offense level 22 for 4.5 grams of crack cocaine). Because the Court calculated Louisville's guideline range using the reduced base offense level of 22, Louisville has already reaped the benefit of Amendment 706, and no further reduction in sentence is warranted.

### III. CONCLUSION

For the foregoing reason, the motion is DENIED.

IT IS SO ORDERED.

Dated: June 29, 2009

D. Lowell Jensen
United States District Judge