United States District Court
Northern District of California

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>VERNON ALVIN LOUISVILLE, JR.,<br><br>Defendant. | Case No.: CR 06-00698-DLJ (KAW)<br><br>ORDER OF DETENTION PENDING SUPERVISED RELEASE VIOLATION HEARING |

## I.  BACKGROUND

On June 6, 2008, Defendant Vernon Alvin Louisville was sentenced to 84 months in custody and three years of supervised release for distribution of cocaine base (Class C felony). On May 14, 2013, Defendant's probation officer filed a petition alleging that Defendant, on a number of occasions, violated the conditions of his supervised release. The alleged violations were the commission of another federal, state or local crime (pimping, pandering, and human trafficking) and leaving the judicial district without permission. The Duty Judge found probable cause and issued a no bail warrant for Defendant's arrest on May 16, 2013.

On May 23, 2013, a hearing was held on the Government's motion to detain Defendant pending his supervised release violation hearing. Defendant was present, in custody, and represented by Assistant Public Defender Joyce Leavitt. Assistant United States Attorney Brigid Martin appeared on behalf of the Government. Probation Officer Sonia Lapizco was also present. For the reasons stated below, the court orders that Defendant be detained.

## II.  LEGAL ANALYSIS

Defendant's sentence for the Class C felony included a three year term of supervised release pursuant to 18 U.S.C. § 3583(b). In so ordering, the Court imposed conditions of supervision, including the general condition prohibiting the commission of another federal, state

or local crime, and standard condition number one prohibiting the offender from leaving the judicial district without permission.

On or about May 13, 2013, Defendant was arrested for violating California Penal Code §§ 266(h) (pimping), 266(i) (pandering), and 236.1(a) (human trafficking) for allegedly pimping out a 17 year old runaway from Sacramento.  This was discovered by San Francisco Police Officers responding to a "wellbeing check," where they encountered a 17 year old victim who reported that she met Defendant in Sacramento, CA on May 10, 2013, where she was residing in a group home.  Based on the victim's statement, Defendant was in Sacramento, CA, without permission from U.S. Probation.

Further, because Defendant is charged with a supervised release violation, the burden of establishing by clear and convincing evidence that he is not a flight risk or a danger to the community rests with the defendant.  Fed. R. Crim. P. 32.1(a)(6); 18 U.S.C. 3143.  Defendant is currently released on a $200,000 bond from state custody.  His most recent arrest involves the sexual exploitation of a minor, and the Government proffered that there is possibly at least one other minor involved in his alleged prostitution enterprise.  Defendant is also a validated gang member of Project Trojan, whose criminal activity appears to have escalated from narcotics sales to sex trafficking.  Defendant is also a flight risk, as he has been convicted of evading a peace officer on at least four occasions, the most recent of which was a felony conviction in 2005, and left the Northern District, without permission, to engage in criminal activity.

Defendant also has a long criminal history of drug-related convictions and numerous parole violations and parole revocations resulting in additional incarceration.  He also has a prior conviction for assault with a deadly weapon.  At the hearing, Defendant argued that he was on release since November 2011 without any violations, and he denies the allegations against him.  However, Probation obtained e-mails sent by Defendant to a number of prison inmates discussing his pimping activities and describing the women he was pimping.  In addition, a list of numerous prison inmates was found in Defendant's vehicle at the time of his arrest, and Probation discovered that Defendant had been putting money on the books of at least 20 of those prison inmates— many of whom are also his fellow gang members.  Although not presently charged,

this may be the basis for another violation of his supervised release. In light of the above, and having considered the proffers by the parties and the probation officer, and the arguments of counsel, the Court finds that Defendant has not established by clear and convincing evidence that he is not a risk of flight or a danger to the community.

Therefore, Defendant shall remain committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: May 24, 2013

_Kandis Westmore_
KANDIS A. WESTMORE
United States Magistrate Judge